Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Telephone: (856) 429-8334
Attorney of Record: Amy Lynn Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DAVID THOMPSON, ) | |
| ) | Case No.: 1:16-cv-07344-JBS-JS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT AND DEMAND** |
| WESTLAKE FINANCIAL ) | **FOR JURY TRIAL** |
| SERVICES, LLC, AND UNITED ) | |
| AUTO CREDIT CORPORATION ) | |
| ) | **(Unlawful Debt Collections** |
| Defendant. ) | **Practices)** |
| ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

DAVID THOMPSON ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against WESTLAKE FINANCIAL SERVICES, LLC ("Westlake") and UNITED AUTO CREDIT CORPORATION ("United Auto") (collectively "Defendants"):

**INTRODUCTION**

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants conduct business in the State of New Jersey and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Mapleshade, New Jersey 08052.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Westlake is a company with its principal place of business located at 4751 Wilshire Boulevard, Suite 100, Los Angeles, California 90010.

8. Defendant's United Auto is a company with its principal place of business located at 1071 Camelback Street, #100, Newport Beach, California 92660.

9. Defendants are each a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number that he has had for over two years.

12. Plaintiff has only used this phone as a cellular telephone.

13. Beginning in or around 2013 and continuing through at least April 2016, Defendants called Plaintiff repeatedly on his cellular telephone.

14. When contacting Plaintiff on his cellular telephone, Defendants used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15. Plaintiff determined that Defendants' calls were automated since he would often hear a pre-recorded voice identifying Defendant before calls were transferred to one of Defendant's agents.

16. Defendants called Plaintiff from multiple telephone numbers including, but not limited to, 800-833-1940.

17. On information and belief, Defendants regularly spoofed or masked their telephone numbers.

18. Defendant's telephone calls were not made for "emergency purposes" as they were calling Plaintiff to collect on his brother's auto loan debt.

19. Plaintiff received voicemails from Defendant United Auto asking for his brother to call them back.

20. Plaintiff is not a cosigner or borrower on his brother's auto loan and disputes having ever given Defendants permission to call him.

21. When the calls first began, Plaintiff told Defendants to stop calling his cellular telephone number.

22. Once Defendants were informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

23. Nonetheless, Defendants continued to call Plaintiff, and when instructed to stop on several occasions, Defendants' representatives would argue with Plaintiff and continue to call.

24. Plaintiff's girlfriend, Lisa Hardwick, witnessed Plaintiff instruct Defendants to stop calling him on multiple occasions.

25. Plaintiff's brother, Christopher Thompson, told Defendants to stop calling Plaintiff.

26. Upon information and belief, Defendants conduct business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE
## <u>TELEPHONE CONSUMER PROTECTION ACT</u>

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. Defendants initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

29. Defendants initiated these automated calls to Plaintiff using an automatic telephone dialing system.

30. Defendants' calls to Plaintiff were not made for emergency purposes.

31. Defendants' calls to Plaintiff, were not made with Plaintiff's prior express consent.

32. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DAVID THOMPSON, respectfully prays for judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID THOMPSON, demands a jury trial in this case.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

Dated: May 16, 2017                By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, NJ 08003
Phone: (856) 429-8334
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S FIRST AMENDED COMPLAINT