IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID THOMPSON, | : |
| *Plaintiff*, | : CIVIL ACTION NO.: 1:16-cv-07344-JBS-JS |
| v. | : |
| WESTLAKE FINANCIAL SERVICES, LLC and UNITED AUTO CREDIT CORPORATION, | : **JURY TRIAL DEMANDED** |
| *Defendants*. | : |

**DEFENDANT WESTLAKE SERVICES, LLC D/B/A WESTLAKE FINANCIAL SERVICES (incorrectly captioned as "WESTLAKE FINANCIAL SERVICES, LLC") ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES CROSSCLAIMS, DESIGNATION OF TRIAL COUNSEL, STATEMENT OF DAMAGES CLAIMED, DEMAND FOR ALLOCATION <u>AND DEMAND FOR JURY TRIAL</u>**

Defendant, Westlake Services, LLC d/b/a Westlake Financial Services (incorrectly captioned as "Westlake Financial Services, LLC") (hereinafter "Westlake"), by and through its attorneys, Lavin, O'Neil, Cedrone & DiSipio, hereby responds to Plaintiff's First Amended Complaint as follows:

**AS TO INTRODUCTION**

1. Denied. This paragraph does not contain an allegation to which a response is required.

**AS TO JURISDICTION AND VENUE**

2. Denied. The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

1

3. Denied in part, admitted in part. To the extent the allegations set forth in this paragraph constitute conclusions of law, no response is required. It is admitted that Westlake conducts business in the State of New Jersey.

4. Denied. The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

## AS TO PARTIES

5. Denied. After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

6. Denied. The allegation set forth in this paragraph constitutes a conclusion of law to which no response is required.

7. Denied as stated. Westlake is a consumer finance company engaged in the business of purchasing and servicing motor vehicle retail installment sales contracts with a principal place of business in Los Angeles, California.

8. Denied. The allegations in this paragraph are directed exclusively to another named defendant and no response is required by Westlake.

9. Denied. The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

10. Denied. The allegations set forth in this paragraph constitute conclusions of law to which no response is required.

## AS TO FACTUAL ALLEGATIONS

11. Denied. After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

12. Denied. After reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

13. Denied as stated. To the extent the allegations set forth in this paragraph are directed to Westlake, a representative of Westlake made one (1) telephone call to Plaintiff on or about January 25, 2013.

14. Denied.

15. Denied. To the extent that the allegations set forth in this paragraph are directed to Westlake, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

16. Denied.

17. Denied. To the extent that the allegations set forth in this paragraph are directed to Westlake, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

18. Denied.

19. Denied. The allegations in this paragraph are directed exclusively to another named defendant and no response is required by Westlake.

20. Denied. To the extent that the allegations set forth in this paragraph are directed to Westlake, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

21. Denied.

22. Denied.

23. Denied.

24. Denied. To the extent that the allegations set forth in this paragraph are directed to Westlake, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

25. Denied. To the extent that the allegations set forth in this paragraph are directed to Westlake, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

26. Denied.

### AS TO DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

27. Westlake incorporates herein by reference its responses to all paragraphs contained in Plaintiff's Complaint as if said responses are fully set forth at length herein.

28. Denied.

29. Denied.

30. Admitted.

31. Denied. To the extent that the allegations set forth in this paragraph are directed to Westlake, after reasonable investigation, Westlake is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, said allegations are denied and strict proof thereof is demanded.

32. Denied.

33. Denied.

34. Denied. If Plaintiff sustained any injuries, losses or damages, Westlake denies any and all liability for same.

**WHEREFORE,** defendant Westlake Services, LLC d/b/a Westlake Financial Services denies that it violated any provision of 47 U.S.C. §227, *et seq.*, and that plaintiff David Thompson is entitled to any judgment against it or any damages, including but not limited to actual damages, statutory damages or treble damages, any injunctive relief or any other relief and defendant, demands judgment in its favor and against plaintiff, David Thompson on all claims asserted in her First Amended Complaint, together with costs of suit, attorney's fees and any other relief deemed appropriate by this Honorable Court.

## AFFIRMATIVE DEFENSES

1. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted as to Westlake.

2. Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, waiver, estoppel, *res judicata* or unclean hands.

3. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

4. The claims set forth in the First Amended Complaint may barred by accord and satisfaction or by virtue of a release.

5. The alleged losses, claims and damages suffered by the Plaintiff were caused by the acts or omissions of other individuals or entities over which Westlake had no control or right of control.

6. Plaintiff may have failed to timely or properly issue and serve the Summons and Complaint(s).

7. Westlake did not violate any legal duty owed by it to the Plaintiff.

8. Westlake did not violate or breach any statutory obligations, including but not limited to 47 U.S.C. §227, *et seq.*, or breach any contractual obligation(s) expressed, implied or arising by operation of law.

9. Any conduct alleged to have caused liability on the part of Westlake was not an actual cause or a proximate cause of Plaintiff's alleged injuries, damages or losses.

10. The injuries, damages or losses allegedly sustained by Plaintiff may have been caused entirely by, or contributed to by, the fraudulent or negligent acts and omissions of individuals and entities other than Westlake and constitute intervening, superseding causes and/or constitute tortuous inference with a contract.

11. Westlake generally denies each and every allegation contained in Plaintiff's First Amended Complaint as it relates to its alleged liability.

12. Plaintiff, entities and other persons not in the control of Westlake may be responsible for the destruction or spoliation of evidence resulting in prejudice to defendant in its ability to prepare a defense to claims asserted against it in this lawsuit.

13. Plaintiff's claims may be preempted in whole or in part by federal or state statutes and regulations.

14. Plaintiff may have failed to mitigate his alleged damages.

15. Westlake did not act intentionally, wantonly, maliciously, willfully, with negligent disregard, unfairly, unlawfully, deceptively or fraudulently.

16. Plaintiff may have provided his express invitation, permission or consent to be contacted by Westlake including but not limited to on his cell phone and by way of an automatic telephone dialing system and pre-recorded or voice messages and never revoked the invitation, permission or consent if so provided.

17. Plaintiff and Westlake may have had an established business relationship.

18. Plaintiff's claims may be barred, in whole or in part, for justification and under the equitable theories of equitable estoppel and/or quantum merit.

19. Westlake's conduct, actions and practices complied with the rules and regulations of and the statutes administered by the Federal Trade Commission or any other official department, division, commission or agency of the United States as such rules, regulations or statutes as interpreted by the Federal Trade Commission or such department, division, commission or agency or the federal courts.

20. Westlake pleads all defenses and limitations available to it under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.*

21. Westlake pleads that a vendor agreement may eliminate or diminish the alleged liability of Westlake.

22. Plaintiff's claims are barred because any alleged conduct or actions on the part of Westlake were made in good faith and were not intended to harass, annoy, aggravate or deceive Plaintiff or were the result of a bona fide error.

23. Answering Defendant reserves the right upon completion of investigation and discovery to file such additional affirmative defenses, crossclaims or counterclaims as may be appropriate.

24. Plaintiff has not plead or set forth any alleged conduct or actions attributable to Westlake in his First Amended Complaint that proximately or actually caused him an injury-in-fact or any cognizable or actual injury or any annoyance, nuisance, aggravation or any other harm.

25. Plaintiff was not charged for any call(s) made to or received on his cellular phone.

26. Any call(s) made to Plaintiff were made by actual persons were not pre-recorded or voice messages or made by automatic telephone dialing systems.

**WHEREFORE**, defendant Westlake Services, LLC d/b/a Westlake Financial Services denies Plaintiff David Thompson is entitled to any judgment against it for any damages in any amount and/or for attorney's fees, interest and/or costs and defendant Westlake Services, LLC d/b/a Westlake Financial Services demands judgment in its favor and against Plaintiff David Thompson on all claims asserted in his First Amended Complaint together with costs of suit, attorney's fees and other relief deemed appropriate by this Honorable Court.

### CROSSCLAIM FOR CONTRIBUTION v. DEFENDANT UNITED AUTO CREDIT CORPORATION

Defendant, Westlake Services, LLC hereby demands contribution from defendant, United Auto Credit Corporation jointly, severally, and/or in the alternative, pursuant to the New Jersey

Joint Tortfeasors Act, *N.J.S.A.* §2A:53A-1, *et seq.*, and a determination of comparative negligence pursuant to the Comparative Negligence Act, *N.J.S.A.* §2A:15-5. 1 *et seq.*

### CROSSCLAIM FOR INDEMNIFICATION v. DEFENDANT UNITED AUTO CREDIT CORPORATION

Defendant, Westlake Services, LLC hereby demands complete indemnification, including but not limited to, common law indemnification, contractual indemnification and/or otherwise, from defendant, United Auto Credit Corporation.

### DESIGNATION OF TRIAL COUNSEL

Howard W. Donahue, Jr., Esquire is hereby designated as trial counsel for defendant, Westlake Services, LLC.

### JURY DEMAND

Defendant, Westlake Services, LLC hereby demands a trial by a twelve (12) member jury on all triable issues of this First Amended Complaint pursuant to Federal Rule of Civil Procedure 38 and L.Civ.R. 48.1.

### STATEMENT OF DAMAGES CLAIMED PURSUANT TO L.CIV.R. 8.1

Pursuant to L.Civ.R. 8.1, defendant, Westlake Services, LLC demands that within ten (10) days after service hereof, Plaintiff serve a written, itemized statement as to the amount of damages claimed against defendant, Westlake Services, LLC.

### DEMAND FOR ALLOCATION

If any defendant(s) settle or are dismissed prior to trial, defendant Westlake Services, LLC will seek an allocation of the percentage of negligence, fault and/or liability assessed by the fact finder against the settling or dismissed defendant(s). Defendant Westlake Services, LLC will seek this allocation, whether or not they have formally filed a cross claim against the settling or dismissed defendant(s). Defendant Westlake Services, LLC may rely on the examination and

cross-examination of expert witnesses at the time of trial in support of this allocation. All counsel and parties are hereby apprised pursuant to *Jones v. Morey's Pier, Inc.*, 2017 WL 3184454 (N.J. 2017).

## CERTIFICATION PURSUANT TO L.CIV.R. 11.2

I, Howard W. Donahue, Jr., Esquire, hereby certify to the best of my knowledge, information and belief:

1. That the matter in controversy in this action is not the subject of any other action pending in any other court; and

2. That the matter in controversy in this action is not the subject of any pending arbitration or administrative proceeding.

**LAVIN, O'NEIL, CEDRONE & DISIPIO**

Dated: August 16, 2017

By:  s/Howard W. Donahue, Jr.
Howard W. Donahue, Jr., Esquire
Alysa Talarico, Esquire
Lavin, O'Neil, Cedrone & DiSipio
1300 Route 73 – Suite 307
Mount Laurel, NJ 08054
hdonahue@lavin-law.com
atalarico@lavin-law.com
(856) 778-5544
*Attorneys for Defendant,*
*Westlake Services, LLC d/b/a Westlake Financial Services (incorrectly captioned as "Westlake Financial Services, LLC")*

## CERTIFICATE OF SERVICE

I, Howard W. Donahue, Jr., Esquire, hereby certify that I caused to be served on the 16th day of August, 2017, a true and correct copy of Defendant, Westlake Services, LLC's Answer to Plaintiff's First Amended Complaint With Affirmative Defenses, Crossclaims, Designation of Trial Counsel, Statement of Damages Claimed, Demand for Allocation and Demand for Jury Trial upon the following counsel of record and in the manner(s) listed below:

>Amy Lyn Bennecoff Ginsburg
>Kimmel & Silverman, P.C.
>1930 East Marlton Pike – Suite Q29
>Cherry Hill, NJ 08033
>*Attorney for Plaintiff, David Thompson*
>*Via ECF System*
>
>Michelle H. Badolato, Esquire
>Stradley Ronon Stevens & Young LLC
>457 Haddonfield Road, Suite 100
>Cherry Hill, NJ 08002-2223
>*Attorney for Defendant United Auto Credit Corp.*
>*Via ECF System*

**This pleading was electronically filed using the ECF system and is available for downloading and viewing from the ECF system.**

>By:   s/ Howard W. Donahue, Jr.
>      Howard W. Donahue, Jr., Esquire
>      *Attorney for Defendant,*
>      *Westlake Services, LLC d/b/a Westlake Financial Services (incorrectly captioned as "Westlake Financial Services, LLC")*

1945778v1

11